So the first case we have is Avila v. Attorney General of the United States. Is counsel ready? I'll just note for the record the government is participating by video. Is it is it Camarelli? Camarelli? It's Camilleri, your honor. Camilleri. Can you hear me? Yes. Thank you. Thanks for being with us. Good morning and may it please the court. My name is Kaylee Miller-Shafer and I represent the petitioner, Ms. Dalila Avila. I respectfully reserve three minutes for rebuttal. Sure. The issue before this court today is whether New Jersey disorderly persons offenses constitutes a conviction of a crime for immigration purposes. That's not the only question though, is it? I mean isn't isn't a very important question for us and maybe even the primary question whether the BIA's recent decision in Wong is entitled to Chevron deference? Understood, your honor. To put it another way, if it is, doesn't that almost resolve the question before us? Understood. So this court should not give deference to the agency's decision in a matter of Wong. First, it is well settled law that agencies are not free under Chevron to generate erratic, irreconcilable interpretations of their governing statutes. Well how is and I realize the criticism, I understand the criticism that is of record, that we expressed in Castillo of what the BIA has done previously, but what's erratic about Wong? Sure, so one thing that's erratic about Wong is its significant departure from not only its own prior board precedent, but precedent of this court as well. The latter I'm interested in, but we were interested in the BIA cleaning up its own precedent, right? Cleaning up its own authority here. So isn't the real question whether or not Wong somehow is violative of any any decisions of this court? Correct. So this court and many other circuit courts have remanded multiple proceedings back to the board asking the board to clean up. The focus in Castillo, I think that's our inquiry, is Wong consistent with the mandates of Castillo? No. Why not? Wong is not consistent with the holding in Castillo because primarily in Castillo, Castillo noted that the board has long looked to other aspects of state law when determining if a board in prior precedent has in its decisions consider among the factors whether how states classify the the proceedings. New Jersey this is classified as a non-criminal, correct? That is correct. Is that enough or is there other considerations? And what are the considerations? We believe that there there should be other considerations and I think matter of as Wong notes other considerations, the issue is the emphasis on which Wong places on. To Wong, the minimum constitutional safeguards provided in a proceeding are somehow what the agency says is all that's required for a court to determine whether. Why is that wrong? I think I agree with you on that, but why is that wrong? We would argue that that's wrong because this first in New Jersey and in multiple other states, things such as even traffic violations require basic constitutional safeguards. In fact, in New Jersey and traffic violations you have to prove the state has to prove the violation beyond a reasonable doubt. Isn't the question here, I mean what isn't the question, is whether a conviction exists for purposes of a federal statute is a question of federal law and should not depend on the vagaries of state law. We, well yes, it's a federal statute and there has to be some consistency throughout. I don't think. Throughout the country. Throughout the country, understood, but the test positive in Wong, I think we still need to give one of the, if not the most important factor, should be to look at how the state defines the offense at issue. You say the most important factor, then you're kind of shading into what the BIA decided as opposed to looking at the open-ended to the inquiry approach. Maybe I'm misinterpreting your argument. It sounds like you're elevating one and minimizing some others and maybe that's consistent with what we said in Castillo, but I'm not sure that's the kind of approach that we're looking for when we remanded in Castillo. Well, in matter of Castillo, it was remanded for the agency to, among other things, determine if New Jersey disorderly person's offenses were entered in a genuine criminal proceeding. I don't think. What would make this not? Let me try it that way. What was, what would make this a non-criminal proceeding? So for New Jersey disorderly person's offenses, there's explicitly no legal disability or disadvantages that attach in those proceedings. There's also no absolute right to be represented by counsel in New Jersey disorderly person's offenses. There's no right to an indictment by a grand jury and there's no right to a trial by jury, which is set apart from other criminal proceedings within New Jersey and other offenses. So the fact that New Jersey clearly distinguishes disorderly person's offenses from, and those are heard in New Jersey Municipal Court, compared to New Jersey indictable offenses first through fourth degree, which are heard in the New Jersey Superior Court, shows that New Jersey has explicitly distinguished crimes from disorderly person's offenses. The reason I make that comment rather than question is that as a matter of immigration policy, and you agreed with me a few moments ago that what the federal system wants is some about the gravamen of the criminal offenses and not how a state has designated a particular statute. Is it really the conduct then, the gravamen of conduct that matters ultimately? I would state that we should let the trier fact, in this case the state that's adjudicating the matter, look to how they classify the offense. If the offense had risen or the conduct had risen to something of a higher nature. The state's designation trump everything else and I hesitate to use that as a verb, but should it? I believe that given the line of precedent, especially within this court in Castillo, a proper test would look more like step one, look at how the prosecuting jurisdiction clearly defines the offense or whether it clearly defines the offense at issue. If the prosecuting jurisdiction's definition is unambiguous, the presumption should be that their classification controls. If the definition... Could I read you our command from Castillo because I truly want to hear your answer as to how the BIA did or did not adhere to this. And this is at the end of the opinion, where we acknowledge that an agency can change or adopt its policies. And then the express command from the Castillo panel is this. On remand, the BIA should consider the broader question we initially asked it to address in our prior opinion, the first time Castillo was before this court. In other words, whether Castillo was convicted of a crime under 1227A2.8. And then, while the statutory definition of conviction may be found to assist in the analysis, even given that definition, one must still ask conviction of what? In doing so, it should for its answer to our question. In turn, the BIA should attempt to clarify Eslamizar. And that's what I take them to be attempting to do in Wong, at the very least, clarify Eslamizar, since we saw it as creating confusion and the Second Circuit thought it did too. In turn, the BIA should attempt to clarify Eslamizar in the agency's reading of 1101A48A. The agency is free to reconsider that problematic opinion, provided that it states a reasoned explanation for doing so and any announced changes are based on a permissible construction of the Federal Immigration Statute. Otherwise, the BIA should then determine whether, given New Jersey's then operative characterization of the shoplifting offense, the consequences of any to the accused, as well as the other characteristics of the proceeding. What is wrong with Wong? How is it inconsistent with our direction here in Castillo No. 2? So, the matter of Wong fails to look or even provide any sort of clear test to apply. It's still illogical and erratic because it discusses a multitude of factors but doesn't explain what factors should be weighed more heavily. It says expressly, this is the first paragraph of the Wong opinion, if a proceeding does not afford defendants all of the constitutionally required rights of criminal procedure, it cannot produce a conviction for immigration purposes. That's pretty explicit and pretty plain, isn't it? If the proceeding does afford defendants those rights, then a judgment of guilt in that proceeding constitutes a conviction under the Act. However, it is, in our opinion, a completely illogical conclusion. The board there is relying on the incorrect assumption that if someone is given constitutional safeguards in a proceeding, then it must be a criminal proceeding. And here, in New Jersey disorderly persons offenses, not all of those constitutional safeguards are provided. There are some that are provided, but not all. Which ones are not provided? The ones that are not provided is the absolute right to counsel, the right to an indictment by a grand jury, and the... So, that is a great question, Your Honor. I... We're waiting for a way to answer. The right to an indictment does not apply to the states. Right here in Pennsylvania, when I was a DA, I signed information. Didn't go through the grand jury. Yes. I see I'm out of time. Go ahead. So, our main focus here is that matter of S. Wong still doesn't provide a... But actually, I mean, there's the time to answer that question. And I think now you're just kind of giving us what you have prepared to give us, which is great, but we'd like to hear the answer to that question. While those rights are, you know, not absolute in certain criminal offenses, I still... Our position is that matter of S. Wong doesn't answer the questions that this court posed in Castillo. It is still erratic and shouldn't be granted deference. Thank you. Thank you very much. Thank you, Your Honors. We'll hear from the United States. Good morning. May it please the court, this is Dana Camilleri for the Attorney General. In this case, the agency properly concluded that petitioner's conviction for tampering with public records was a conviction within the meaning of 81101 U.S.C. A48A. The immigration judge used Castillo as its framework for his analysis, and within that framework, he assessed the totality of the circumstances and determined it was a conviction,  Am I wrong to... In New Jersey, if there's a conviction for this offense, forgetting about whether or not it's an adjudication of guilt for immigration purposes or not, in the initial level court, municipal court, equivalent to a Pennsylvania municipal court, you're then entitled to a trial de novo, is that correct? I believe so. I believe there's... Defendants can seek appellate review, double jeopardy attaches. What does the appellate review look like? Is it a trial de novo? That I'm actually not 100% sure on. Wouldn't that be important, because if there's a trial de novo that you're entitled to following an adjudication of guilt at the initial level, wouldn't that mean that you don't lose the presumption of innocence, and wouldn't that be sufficient to distinguish it from a criminal conviction? I would have to do more research. Okay. You could do a 28-day letter, if it's your convenience. I'm happy to do that. I did want to point out one just very brief thing, because opposing counsel was discussing relating the disorderly offenses to traffic offenses in New Jersey, and we did point this out in our brief. It is an unpublished case, but it does have significant analysis from the court, finding that a DWI in New Jersey, even though that is traffic municipal court, that that is a conviction for immigration purposes. And the court there was applying Castillo and reviewing the immigration judge and the agency's determinations. I mean, our perspective at this... Sorry. What deference, if any, do we give New Jersey telling us that this is not a criminal offense? Very little. I think as Judge Smith was pointing out, the entire point of... This is not a perfect analogy, but the reason we use the categorical approach is because we are trying to avoid the vagaries of state law, and we're trying to uniformly approach how state law convictions are assessed for immigration purposes, and that is in a federal purview. So even though the agency acknowledged that and said that that was one of the few factors that militated against defining that it was a conviction, it doesn't carry the day, and it shouldn't, in any other context. And even if you flipped it, what if a state said that this was a criminal conviction but didn't afford the hallmarks of criminal procedure? We would not then argue that the state carried the day because that doesn't follow under federal guidelines. Ms. Camarieri, you heard me read the portion of the second Castillo opinion of this court a few moments ago, I assume, and what actual alternatives we gave to the BIA upon further consideration of Islamazar. So is it the government's position that Castillo did, in fact, distill from its consideration of inconsistencies in the past and the problems with Islamazar, a test that could be used in the future, that they did so in Wong, to determine if a judgment of guilt occurred in a criminal proceeding? Did the BIA do that, consistent with our direction? In Wong? In Wong. Yes, I believe the board did address this court's concerns that were raised in Castillo. It also addressed the circuit split that developed after Castillo. Wong was a three-judge panel, right? So it's a presidential opinion. It's your position then that it's entitled to Chevron deference? Yes, sir. Yes. Are there any more questions for me? I believe not. Thank you very much. Okay, thank you so much. And we hope you feel better. Thank you very much. I appreciate it. Thank you. First, I would just like to assert that the board in matter of Wong did not address the concerns originally posited by this court in Castillo, as it has yet to answer the question posed in Castillo, conviction of what? Again, as this court also acknowledges in Castillo, while ignoring a state's classifications of offenses may be a relatively simple analysis to apply, it is not a permissible construction of 8 U.S.C. Section 1101A48A. The board's interpretation of conviction in matter of S. Wong should not be entitled to any deference, as it is inconsistent, unreasonable, and arbitrary interpretation of the statute for the reasons I said before. Here, the New Jersey Constitution unambiguously answers the question before this court and makes clear that Ms. Avila's New Jersey disorderly persons offenses are not crimes within the meaning of the INA. I am at a loss to understand how a test that says in a straightforward manner, if a proceeding does not afford defendants all the constitutionally required rights of how that is not clear, how that is not responsive to our command upon remand in Castillo. To me, it seems pretty clear and appropriate that we need to look to whether or not all the constitutionally required procedural rights to which someone charged is entitled have been present for purposes of producing a conviction. Again, I think the importance of how a state defines an offense should be given more weight. We think matter of S. Wong is an illogical test that it posits. Is there anything that's, isn't there language in maybe one of our cases or a few of our cases, and I'm sorry I don't have it at hand, but that we're entitled to or maybe we even should look to how a state designates an offense, but we're not required to give it any particular amount of weight, are we? Can you point to any authority that suggests that a state's categorization or classification is entitled to anything more than just a look by the BIA or by us? I don't have any case law that I could point to, but again, I would happily provide a 28-J letter on the issue. Our position is that the board's interpretation of conviction in matter of S. Wong is illogical and should not be granted deference, and for these reasons we respectfully ask this court to grant Ms. Avila's petition. Thanks. So we heard some discussion of 28-J letters from both sides, so if counsel could just provide those to the court, say a week from today, that'd be great. Understood. Thank you very much, counsel. We'll take this matter under advisement.